IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| THOMAS F. LEATHERBURY, | * |
| Plaintiff, | * |
| v. | * Case No.: 8:20-cv-03140-PWG |
| REZA ZOHDI, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On March 16, 2022, I granted in part and denied in part Plaintiff Thomas Leatherbury's Motion for Default Judgment. ECF No. 18. I found that Mr. Leatherbury established Defendant Reza Zohdi's liability for failing to pay rents, charges, and costs under the terms of the parties' lease agreement and subsequent letter agreements, but that Mr. Leatherbury's requested damages were not supported by the record he provided to the Court. *Id.* Accordingly, I denied Mr. Leatherbury's request for judgment in the amount of $99,109.68, but entered damages in the amount supported by the record—$51,360. Specifically, I concluded that Mr. Leatherbury had demonstrated that Mr. Zohdi failed to vacate the leased premises up to and including September 8, 2020, but that he had not supported his claim that Mr. Zohdi failed to vacate until December 7, 2020. I ordered that the Judgment against Mr. Zohdi was subject to modification if Mr. Leatherbury filed additional support for his claim on or before April 15, 2022. I also noted that Mr. Leatherbury was free to seek attorneys fees "subject to the applicable deadlines and other requirements set forth in Local Rule 109.2." *Id.* at 9.

Mr. Leatherbury timely filed a Motion to Modify Judgment ("Motion to Modify"), ECF No. 19, and a separate Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 20, on March 30, 2022. For the reasons explained below, Mr. Leatherbury's Motion to Modify is GRANTED and his Motion for Fees is GRANTED in part and DENIED in part.

### A. Motion to Modify Judgment

The Motion to Modify, Supplemental Declaration of Thomas F. Leatherbury, and the Exhibits thereto demonstrate that Mr. Zohdi failed to vacate the subject property until his eviction on December 7, 2020.

On October 6, 2020 Mr. Leatherbury, his wife, and the City of Manassas Park, Virginia, entered into an Agency Agreement that indicates that Mr. Zohdi had not vacated the subject premises, and designates the Leatherburys as the City of Manassas Park's agent for the purpose of obtaining possession of the property from Mr. Zohdi. Supp. Decl. at Ex. A ¶¶ R-5; 1. On October 26, 2020, the General District Court of Prince William County, Virginia, entered a Consent Final Order, which awarded possession of the subject property to Mr. Leatherbury, and entitled Mr. Leatherbury to seek a Writ of Eviction. *Id.* at Ex. B. Finally, Mr. Leatherbury's Supplemental Declaration declares under penalty of perjury that "the Prince William County Sheriff's Department effected an eviction of Mr. Zohdi" on December 7, 2020. *Id.* ¶ 6.[1] Accordingly, the record now supports a finding that Mr. Zohdi failed to vacate the premises for an additional 90 days after September 8, 2020. The judgment against Mr. Zohdi shall therefore be modified to include an additional $550 daily penalty from September 8, 2022 – December 7, 2022 for an additional total of $49,500.

---

[1] *See also* Request for Write of Eviction dated 11/9/2020, Mot. for Fees at Ex. 4.

2

### B. Motion for Attorneys' Fees

Mr. Leatherbury also seeks attorneys' fees in the total amount of $16, 687.50. ECF 20-1, Mot. for Fees. Those fees are sought in connection with the instant action and the prior action Mr. Leatherbury brought against Mr. Zohdi in the General District Court of Prince William County, Virginia. *Id.*

The Lease includes the following provision regarding attorneys' fees:

> If Tenant shall fail to pay said rental within 10 days from due date as aforesaid, although there shall have been no legal or formal demands made, or shall break or violate any of the written conditions or agreements of any of the Rules and Regulations hereinbefore referred to and made part of this Lease, then, and in any of such events, this Lease and all things herein contained shall at the option of Landlord cease and determine and such failure or violation shall operate as a notice to quit, all and any other notice to quit being hereby expressly waived, and Landlord may proceed to recover possession of said demised premises. In any such event, Tenant shall remain responsible for the payment of rental for the remaining term of this Lease and for such expenses as Landlord may incur for attorney's fees ….

Motion for Fees at Ex. 1 ¶ 15(a). Additionally, the subsequent letter agreements signed by Mr. Zohdi dated July 8, 2020 and August 3, 2020 each contain the following language:

> If you fail to vacate the premises as indicated I will hold you responsible for **all past rental amounts due, totaling approximately $48,600, as well as all costs associated with properly vacating the premises, including but not limited to, tow trucks, storage, and attorney fees.**

*Id.* at Ex. 2 and 3 (emphasis in originals).

In diversity cases, "absent a conflicting federal rule of procedure, state law governs not only the actual award of attorneys' fees but also the method of determining those fees." *Rohn Prod. Int'l, LC v. Sofitel Cap. Corp. USA*, No. CIV. WDQ-06-504, 2010 WL 3943747, at *4 n. 13 (D. Md. Oct. 7, 2010). Mr. Leatherbury cites Maryland law in his Motion for Fees, notwithstanding

the losing litigant."). Like in Maryland, only reasonable attorneys' fees are recoverable under Virginia law. Virginia courts have identified several factors "that are relevant to the determination of reasonableness." *W. Square, L.L.C.*, 649 S.E.2d at 702. Those factors include: "[(1)] the time and effort expended by the attorney, [(2)] the nature of the services rendered, [(3)] the complexity of the services, [(4)] the value of the services to the client, [(5)] the results obtained, [(6)] whether the fees incurred were consistent with those generally charged for similar services, and [(7)] whether the services were necessary and appropriate." *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 798 S.E.2d 177, 183 (2017). Given the close similarity between the law of the two states, I need not resolve whether Maryland or Virginia law applies in this case.

Mr. Leatherbury seeks $16,687.50 in attorneys fees for a total of 63.3 hours of work performed by four different attorneys—three partners (one of whom charges $450/hour and two of whom charge $300/hour) and one associate (whose hourly rate is $250). In this District, "attorneys' fees are presumed in line with those prevailing in the community if they abide by the Guidelines Regarding Hourly Rates contained in Appendix B of the Local Rules." *Overbey v. Mayor & City Council of Baltimore*, No. CV DKC 17-1793, 2021 WL 3037458, at *4 (D. Md. July 19, 2021). The rate for all three partners who worked on this case are within the Local Rules' Guidelines and are thus presumptively reasonable. *See* Appendix B to the Local Rules (D. Md. 2021). However, the associate, who has been practicing for "over 1 year" according to the Motion for Fees, has an hourly rate in excess of the Guidelines, which recommends a range of $150-225 per hour for "[l]awyers admitted to the bar for less than five years." *Id.* The Motion for Fees offers no explanation for this discrepancy. Accordingly, I will reduce the associate's fees to the presumptively reasonable rate of $225 per hour.

In the course of their representation from October 10, 2020 through March 30, 2022, Mr. Leatherbury's attorneys successfully secured a Consent Order of Possession of the subject property as well as Mr. Zohdi's eventual eviction. In this subsequent action, counsel for Mr. Leatherbury also secured a positive result for their client, with the Court awarding a default judgment in the amount of $100,860. In the course of their representation in this action, Mr. Leatherbury's attorneys filed a Complaint (ECF No. 1), a Motion for Extension of time to Effect Service of Process (ECF No. 4), a Motion for Alternative Service (ECF No. 6), a Motion for Clerk's Entry of Default (ECF No. 12), a Motion for Default Judgment (ECF No. 15), and the present Motion to Modify and Motion for Fees (ECF Nos. 19 and 20). With the exception of the Motion to Modify, each of these tasks were necessary and appropriate to secure the desired result for Mr. Leatherbury, and the time spent on those tasks was reasonable. The Motion to Modify, however, was necessary only because counsel neglected to provide the Court with a sufficient record when the Motion for Default Judgment was originally filed. Accordingly, I will reduce the fee award to eliminate the time spent on the Motion to Modify.

In sum, I conclude that Mr. Leatherbury is entitled to reasonable attorneys' fees under the terms of the Lease and the subsequent Letter Agreements. I also conclude that, subject to the reductions discussed above, the fees charged by Mr. Leatherbury's counsel are reasonable under both Maryland and Virginia law. Accordingly, I calculate Mr. Leatherbury's fee award as follows:

| | |
|---|---|
| Total fees sought: | $16,687.50 |
| Reduction for associate fees in excess of Guidelines[3]: | $    595.00 |
| Reduction for time spent on Motion to Modify[4]: | $ 2,340.00 |
| **Total fee award:** | **$13,752.50** |

---

[3]    $5,950.00 (Total charged at $250 hourly rate) – $5,355.00 (Total for work performed at Guideline rate (23.8 hours x $225)) = $595.00

[4]    $1,770.00 (March 17, 2022) + $60.00 (March 21, 2022) + $510.00 (March 29, 2022) = $2,340.00

## **ORDER**

For the reasons outlined in the foregoing Memorandum, it is hereby ORDERED that Mr. Leatherbury's Motion to Modify Judgment is GRANTED, and his Motion for Attorneys' Fees is GRANTED in part and DENIED in part. The Order on Mr. Leatherbury's Motion for Default Judgment is modified as follows:

1. Judgment IS ENTERED as to liability in favor of Mr. Leatherbury and against Mr. Zohdi;

2. Mr. Leatherbury's request for a default judgment in the amount of $100,860.00 is GRANTED;

3. Judgment IS ENTERED as to damages in favor of Mr. Leatherbury and against Mr. Zohdi in the amount of $50,260.00 in unpaid rent and monthly late fees, and $50,600.00 in daily holdover fees for a total award of $100,860.00 with post-judgment interest to accrue at the statutory rate;

4. Mr. Leatherbury is awarded prejudgment interest at Virginia's statutory rate of 6% annually from October 1, 2020, through the March 16, 2022;

5. Mr. Leatherbury's request for attorneys' fees in the amount of $16,687.50 is DENIED;

6. Mr. Leatherbury is awarded attorneys' fees in the amount of $13,752.50.

Date: June 3, 2022

/S/
Paul W. Grimm
United States District Judge